981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Henry Frank HARLESS, Defendant-Appellant.
 No. 92-5310.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-91-45-A)
 Edward G. Stout, Bressler, Curcio & Stout, Bristol, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Henry Frank Harless pled guilty to possessing a firearm after being convicted of a felony in violation of 18 U.S.C.A.s 922(g)(1) (West Supp. 1992). He appeals the sentence imposed. We affirm.
 
 
 2
 Before being indicted on this offense, while he was confined on other charges, Harless was served with a subpoena issued by the grand jury in connection with its investigation of the instant offense. The subpoena required Harless to be fingerprinted and photographed. Harless refused. He continued to refuse in defiance of a subsequent district court order that he comply, and finally complied with the subpoena only after the district court held him in contempt. Because of this conduct, the district court increased Harless's base offense level by two levels for obstruction of justice under guideline section 3C1.1.* We find that the adjustment was properly made because Harless both attempted to conceal material evidence during the investigation of the instant offense and willfully impeded the administration of justice.
 
 
 3
 Harless also contends that his plea agreement was breached when the district court departed upward on the ground that his criminal history category did not adequately reflect the seriousness of his past criminal conduct. Harless made no objection to the departure in the district court and has thus waived appellate review of the issue. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). Even were we to review the issue on its merits, we could not find that the agreement was breached because it properly made no promise that the district court would not depart.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)